**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DARNELL OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-CV-01832 JAR |
| | ) | |
| TERRY O'TOOLE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Michael Darnell Oliver's Motion to Proceed *in Forma Pauperis*. [ECF No. 2]. Plaintiff is currently incarcerated at Limestone Correctional Facility in Harvis, Alabama. Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his Motion for Leave to Proceed *in Forma Pauperis*, Plaintiff submitted an "Affidavit of Substantial Hardship and Order" from the Alabama Department of Corrections. [ECF No. 3]. The "Transaction Report" attached to the "Affidavit of Substantial Hardship and Order" contains only two weeks of Plaintiff's inmate account statement for the month of May 2025, instead of the required six-month account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); see also Stone, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented Plaintiff Michael Darnell Oliver placed his complaint in the mail at William C. Holman Correctional Facility in Atmore, Alabama on October 27, 2025, *see* ECF No. 1 at 7, asserting claims under 42 U.S.C.§ 1983. *See also* ECF No. 1-2 at 1. Alleges that his Missouri state criminal attorney, Terry O'Toole failed to properly advise him of the full meaning of his consent to extradition for an Alabama state criminal charge pending against him in June of 2010. [ECF No. 1 at 1]. Plaintiff complains that O'Toole failed to explain that the State of Alabama could refuse to extradite him back to Missouri after the conclusion of his criminal proceedings in

Alabama state court. *Id.* He alleges that he has suffered civil rights violations during the past two decades while in custody in the Alabama Department of Corrections.[1] *Id.*

For relief in this action, Plaintiff seeks monetary damages as well as immediate extradition back to Missouri state custody. *Id.* at 2.

**Discussion**

Having thoroughly reviewed and liberally construed the complaint, and for the reasons discussed below, the Court will dismiss this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

From the facts alleged in Plaintiff's complaint, it appears that Plaintiff was arrested in Missouri in June of 2010 pursuant to the Interstate Agreement on Detainers Act (IADA), which establishes procedures for member states to encourage the expeditious and orderly disposition of out-of-state criminal charges pending against persons incarcerated in state institutions.[2] *See United States v. Mauro*, 436 U.S. 340, 343 (1978). After Plaintiff's arrest in Missouri, he was represented by Terry O'Toole, who advised him on the legal ramifications of the IADA. *See* ECF No. 1 at 1. Plaintiff alleges that he consented to his extradition to the State of Alabama to face criminal charges there, but that he did not understand that his consent would negate his immediate return to the State of Missouri to face charges he believed to be pending in Missouri. *Id.* He blames O'Toole for failing to adequately advise him of the consequences of his consent to extradition to Alabama. *Id.*

---

[1] To the extent Plaintiff has suffered civil rights violations during his incarceration in the Alabama Department of Corrections, he is required to bring those claims in Alabama state or federal courts.

[2] The State of Missouri adopted the IADA and it is codified at Missouri Revised Statute § 217.490. *See Rivera v. State*, 106 S.W.3d 635, 639 (Mo.App. S.D.2003). "The [IADA] applies to prisoners incarcerated in another jurisdiction who have untried Missouri charges and are subject to detainers originating in Missouri." *State v. Vinson*, 182 S.W.3d 709, 711 (Mo.App. E.D.2006).

Section 1983 of Title 42 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff is unable to seek relief under § 1983 from Defendant Terry O'Toole, his Missouri criminal attorney, for a myriad of reasons.

First, Plaintiff's claim is barred by the five-year statute of limitations for § 1983 claims. Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).[3] In this case, Plaintiff seeks damages for alleged constitutional violations which occurred in 2010. Plaintiff's complaint in this matter is dated October 27, 2025. [ECF No. 1 at 7]. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims were filed 10 years too late. As such, Plaintiff's § 1983 complaint fails to state a claim upon which relief may be granted and must be dismissed.

Additionally, Plaintiff's complaint fails to allege facts against O'Toole indicating that he was acting outside the scope of his usual job as a defense attorney when he advised Plaintiff regarding his extradition to Alabama. A criminal defense attorney "does not act under color of

---

[3] "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). *See Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (stating that the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel."). As a result, Plaintiff cannot establish an essential element of a § 1983 claim against O'Toole in his official or individual capacity. *See West*, 487 U.S. at 48 (describing the elements of a § 1983 claim). Plaintiff's claims against O'Toole are therefore subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court last addresses Plaintiff request for extradition back to Missouri. [ECF No. 1 at 2]. In reviewing the present matter, the Court reviewed Plaintiff's federal habeas corpus action brought pursuant to 28 U.S.C. § 2254 relating to his charges in the Circuit Court of Montgomery County, Alabama, stemming from the June 2010 extradition.[4] *See Oliver v. Raybon*, No. 2:24-CV-273 RAH-JTA (M.D. Ala. Aug. 31, 2026). On October 23, 2010, Plaintiff pled guilty to second-degree assault, and the State of Alabama agreed to *nolle pros* the charge of first-degree burglary. *Id.* On November 18, 2010, Plaintiff was sentenced to 20 years in the Alabama Department of Corrections. *Id.* It appears that Plaintiff is still incarcerated on that charge.

A § 1983 action is not the appropriate avenue to seek extradition back to Missouri from Alabama. Plaintiff has not indicated in his complaint that he has any outstanding Missouri criminal

---

[4] *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); and *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may consider them on a motion to dismiss").

charges or detainers, and thus, he has not alleged a violation of the IADA. To the extent Plaintiff believes he has an outstanding detainer in Missouri, he should ask the Alabama Department of Corrections for a formal inquiry or disposition under the Interstate Agreement on Detainers to see if there are any active warrants or detainers lodged against him. However, because Plaintiff has identified no such detainer in Missouri, the Court denies his request for extradition in the present matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 4] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of September, 2026.

JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE